UNITED STATES v. COTA.

*(District Court, W. D. Michigan, N. D.   July 24, 1883.)*

Note of Decision.

Information for carrying on the business of a retail liquor dealer without the payment of the special tax.

*J. W. Stone,* U. S. Atty., for the United States.

*E. C. Clark,* for defendant.

Before Hon. S. L. WITHEY, District Judge.

The evidence in this case showed that the defendant kept a boarding-house and had a bar where he sold cider and an article known as "Reed's gilt-edge tonic," by the glass or drink, to all persons who called for the same; that the tonic was sold in considerable quantities, by the glass or drink, to persons who drank it as a beverage as other liquors are drank, and that persons became intoxicated thereby; that said tonic was generally sold at saloons and drinking-places in that vicinity, and contained a large percentage of distilled spirits.

It was claimed on the part of the government that the evidence showed that this tonic was "compound liquors," within the meaning of the *third* subdivision of section 3244, Revised Statutes, and that the manufacturer of such compounds was liable to pay a rectifier's special tax, and that the defendant was guilty under the information for selling the same in the manner shown by the evidence.

The court charged the jury that if the article sold was a medicine and contained spirits simply to preserve its medicinal qualities, and was sold and taken as a medicine in good faith, that the defendant should be acquitted. But if the jury found from the evidence that the article was a compound containing such a quantity of spirits as to be intoxicating, and was sold by the defendant as a beverage, he knowing its intoxicating quality, and was drank by persons *not* as a medicine, but as a *beverage, because* of its intoxicating and stimulating qualities, then, no matter by what name it was known or called, the defendant was guilty as charged.

The jury returned a verdict of guilty, and the defendant was fined $300, and sentenced to imprisonment in the custody of the marshal for 30 days.